IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-12-CR-168 LY |
| | § | |
| TERRELL SANDERSON | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on August 19, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On July 10, 2009, Judge Kenneth Ryskamp of the United States District Court for the Southern District of Florida sentenced Terrell Sanderson to a total of 34 months of imprisonment, followed by three years of supervised release, after Sanderson pled guilty to unauthorized use of an access device in violation of 18 U.S.C. § 1029(a)(2) (Count 1), and aggravated identity theft in violation of 18 U.S.C. § 1028A (Count 2). The Defendant commenced his supervision on October 25, 2011, and jurisdiction over his case was transferred to this Court on May 14, 2012.

The Defendant's performance on supervision has been less than stellar. He has not worked at a lawful occupation for the majority of his supervision, and it appears that he was repeatedly

engaged in criminal activity. On September 25, 2012, the Probation Office notified the Court that the Defendant had been charged with a theft offense based on his having fraudulently returned an item at a Home Depot, and fleeing when a loss prevention officer confronted him about the return. No action was requested by the Probation Office at that time. On June 7, 2013, the Court was again notified of the Defendant's arrest, this time for criminal mischief. The complaint in that case indicated that the Defendant had allegedly struck his estranged boyfriend's car with his car, in the presence of his estranged boyfriend's wife and children. Again, no action was requested at that time.

Subsequent to these notifications, the Probation Office learned of two additional arrests. The first occurred on June 19, 2013, in Columbus, Texas, where the Defendant was charged with theft of property more than $1500 but less than $20,000. After a traffic stop based on the Defendant traveling at 100 mph in a 75 mph zone, and an arrest because the Defendant had an invalid driver's license, the Defendant's vehicle (a 2007 Lexus) was inventoried and officers discovered $11,000 in US currency, clothing and other merchandise with sales tags still on them, as well as 15 iPhones, which, based on the serial numbers, had been stolen from a Wal-Mart in West Palm Beach, Florida. An indictment has been returned in this case by a grand jury in Colorado County, Texas. Then, on July 4, 2013, the Defendant was arrested in Lufkin, Texas for engaging in criminal activity, after he and another person were confronted at a Wal-Mart store based on the Defendant having in his shopping cart a plastic bin with 25 cellular phones that had been taken out of a glass case. When confronted, the Defendant fled the store, and led police on a high speed pursuit, after which he was apprehended when he crashed into a ditch. Finally, the Probation Office has received a phone call from the Leon County Sheriff's Department in Tallahassee, Florida, indicating that the Defendant was a suspect in three theft cases there.

Based on the new arrests, on July 26, 2013, the Probation Office submitted its petition alleging that the Defendant had violated his conditions of supervision. The undersigned authorized the issuance of a warrant that same day. The Defendant was arrested on that warrant on August 5, 2013. On August 19, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, with the exception that he declined to make a plea of true to the violation stemming from the pending state criminal charges.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights.

11. The Defendant violated conditions of his supervised release by (1) failing to make payments on his restitution obligation; (2) leaving the judicial district without approval; (3) failing to work at a lawful occupation; and (4) failing to notify the Probation Office of his various arrests. Further, although the Court makes no finding of a violation based on the alleged theft offenses, the Court has taken those events into account in making its recommendation, based on the proffer of evidence from each side on those cases.

### III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED as to both Count 1 and Count 2 of the indictment in this case. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a III, resulting in an (advisory) guideline range of 5 to 11 months of imprisonment. Having considered all of the above, and noting the fact that the Defendant appears to have done little to rehabilitate himself, the undersigned RECOMMENDS that the Defendant be sentenced to 11 months of imprisonment on each count, with no supervised release to follow, said sentences to run concurrently with each other. The Court further recommends that in its judgment, the district judge reimpose the outstanding restitution obligation in this case, which is $14,779.56.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of August, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE